ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 IN THE CASE OF A NONPROFIT CORPORATION OPERATING AS A UNIVERSITY, DOES THE CORPORATION'S DESIGNATION BY THE INTERNAL REVENUE SERVICE AS A TAX EXEMPT ORGANIZATION DESCRIBED IN 26 U.S.C.A. 501(C)(3) OF THE INTERNAL REVENUE CODE RELIEVE IT OF THE LICENSING REQUIREMENTS FOR PRIVATE SCHOOLS IN 70 O.S. 21-101 (1991), ET SEQ.?
BECAUSE THIS QUESTION CAN BE ANSWERED BY REFERENCE TO OKLAHOMA STATUTES, A FORMAL OPINION IS NOT NECESSARY. THEREFORE, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE FOLLOWING CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTION YOU HAVE RAISED.
ACCORDING TO YOUR LETTER, A NONPROFIT OKLAHOMA CORPORATION HAS ASKED THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS (BOARD) TO EXEMPT IT FROM THE BOARD'S LICENSING REQUIREMENTS BECAUSE IT IS A TAX EXEMPT ORGANIZATION UNDER FEDERAL TAX LAW AND THEREFORE NOT A PRIVATE SCHOOL UNDER OKLAHOMA LAW. THE CORPORATION ARGUES THAT SINCE THE INTERNAL REVENUE SERVICE HAS DEEMED IT TO BE AN INTERNAL REVENUE CODE 501(C)(3) (HEREINAFTER IRC) ORGANIZATION, IT IS A PUBLIC CHARITY WHICH CANNOT BE PRIVATELY OWNED AS THAT TERM IS DEFINED BY 70 O.S. 21-101.
SECTION 21-101, ET., PROVIDES THE STATUTORY FRAMEWORK FOR THE BOARD, A BOARD WHICH WAS CREATED FOR THE PURPOSE OF LICENSING PRIVATE SCHOOLS IN OKLAHOMA. A.G. OPIN. NO. 82-009. DETERMINING WHICH VOCATIONAL SCHOOLS MUST BE LICENSED BY THE BOARD DEPENDS ON THE DEFINITION OF THE TERM "PRIVATE SCHOOL" AS FOUND IN 21-101:
 "`PRIVATE SCHOOL' MEANS ANY PRIVATELY OWNED BUSINESS SCHOOL, FLIGHT SCHOOL, TRADE SCHOOL, OR OTHER SCHOOL OFFERING COURSES TO RESIDENTS OF OKLAHOMA IN ANY BUSINESS, PROFESSIONAL, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION FOR CONSIDERATION OR REMUNERATION. THE TERM PRIVATE SCHOOL SHALL NOT INCLUDE BARBER SCHOOLS, BEAUTY SCHOOLS, OR OTHER SCHOOLS WHICH ARE REGULATED OR LICENSED PURSUANT TO THE PROVISIONS OF ANY SCHOOL LICENSING LAW OF THIS STATE. . . . IN ADDITION, SUCH TERM SHALL NOT BE CONSTRUED TO INCLUDE . . . PAROCHIAL, PRIVATE, OR OTHER NON-PUBLIC SCHOOLS OFFERING PROGRAMS OF GENERAL EDUCATION, ACCREDITED BY THE STATE BOARD OF EDUCATION OR THE STATE BOARD OF REGENTS FOR HIGHER EDUCATION. . . ."
70 O.S. 21-101(1) (1991) (EMPHASIS ADDED). IF A SCHOOL FALLS UNDER THE DEFINITION OF A PRIVATE SCHOOL, IT MUST BE LICENSED BY THE BOARD: "IT SHALL BE UNLAWFUL TO ESTABLISH, CONDUCT, OPERATE OR MAINTAIN A PRIVATE SCHOOL OR TO SOLICIT OR CANVASS FOR SCHOLARSHIPS OR TUITION FROM A RESIDENT OF OKLAHOMA UNLESS A LICENSE TO OPERATE SUCH SCHOOL HAS BEEN ISSUED BY THE BOARD AND IS IN EFFECT." ID. AT 70 O.S. 21-103(A).
TO SUPPORT ITS CLAIM OF EXEMPTION FROM LICENSING BY THE BOARD, THE CORPORATION CITES AN IRS LETTER RULING FINDING IT TO BE EXEMPT FROM FEDERAL INCOME TAX UNDER IRC 501(A) AS AN ORGANIZATION DESCRIBED IN IRC 501(C)(3). THE IRS LETTER RULING STATES THAT THE CORPORATION WILL BE TREATED, FOR INCOME TAX PURPOSES, AS A PUBLICLY SUPPORTED ORGANIZATION AND NOT AS A PRIVATE FOUNDATION. A LETTER RULING BY THE IRS THAT A NONPROFIT OKLAHOMA CORPORATION IS A 501(C)(3) CORPORATION EXEMPT FROM FEDERAL INCOME TAX DOES NOT, HOWEVER, DISPOSE OF THE ISSUE OF WHETHER A VOCATIONAL SCHOOL IS PRIVATELY OWNED FOR LICENSING PURPOSES UNDER OKLAHOMA LAW, I.E., I THE ISSUE OF WHETHER THE VOCATIONAL SCHOOL IS REQUIRED TO BE LICENSED BY THE BOARD IS NOT DETERMINED BY ITS CORPORATE OWNER'S STATUS FOR FEDERAL TAX PURPOSES. THE ANSWER TO YOUR QUESTION DEPENDS SOLELY ON REFERENCE TO AND CONSTRUCTION OF OKLAHOMA LAW.
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE, OKLAHOMA JOURNAL PUBLISHING CO. V. CITY OF OKLAHOMA CITY, 620 P.2D 452 (OKLA. CT. APP. 1979). STATUTES DEALING WITH THE SAME GENERAL SUBJECT SHOULD BE CONSTRUED TOGETHER IN ORDER TO ARRIVE AT THE LEGISLATIVE INTENT IN ANY PARTICULAR SECTION. TWA V. MCKINLEY, 749 P.2D 108 (OKLA. 1988). THE MEANING OF "PRIVATE SCHOOL" AND "PRIVATELY OWNED" IS CLARIFIED BY PLACING THE TERMS IN THE CONTEXT OF OKLAHOMA SCHOOL LAWS AS WELL AS EXAMINING THEIR ORDINARY MEANING.
TITLE 70 O.S. 21-101, IS PART OF THE OKLAHOMA SCHOOL CODE OF 1971 (CODE), ARTICLE XXI. THAT SAME CODE, AT ARTICLE I, 70 O.S. 1-106 (1991), PROVIDES THAT THE PUBLIC SCHOOLS SHALL CONSIST OF "ALL FREE SCHOOLS SUPPORTED BY PUBLIC TAXATION AND SHALL INCLUDE . . . VOCATIONAL AND TECHNICAL INSTRUCTION." ID. (EMPHASIS ADDED). WHILE NOT IN THE CODE BUT IN THE SAME STATUTORY SCHEME, ENTITLED SCHOOLS, 70 O.S. 3102 DEFINES A PRIVATE EDUCATIONAL INSTITUTION AS "ANY PRIVATE, DENOMINATIONAL OR OTHER INSTITUTION OF THE SAME TYPE AS A STATE EDUCATIONAL INSTITUTION EXCEPT THAT IT IS NOT SUPPORTED WHOLLY OR IN PART BY DIRECT LEGISLATIVE APPROPRIATIONS." ID. (EMPHASIS ADDED). IN ORDINARY SPEECH PRIVATE SCHOOL IS DEFINED AS "A SCHOOL THAT IS ESTABLISHED, CONDUCTED AND PRIMARILY SUPPORTED BY A NON-GOVERNMENTAL AGENCY," WHILE A PUBLIC SCHOOL IS DEFINED AS "A TAX-SUPPORTED SCHOOL CONTROLLED BY A LOCAL GOVERNMENTAL AUTHORITY." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (UNABRIDGED) 1805, 1836 (3RD ED. 1981).
COMPARING THE DEFINITION OF PRIVATE SCHOOL WITH THAT OF PUBLIC SCHOOL UNDER OKLAHOMA SCHOOL LAW REVEALS THAT THE LEGISLATURE USED THE TERM PRIVATE SCHOOL IN 21-101 TO DISTINGUISH IT FROM OTHER SCHOOLS REGULATED BY OTHER OKLAHOMA SCHOOL LAW. THE LEGISLATURE SIMPLY INTENDED TO CONTRAST PRIVATE VOCATIONAL SCHOOLS WITH PUBLIC, TAX-SUPPORTED SCHOOLS, NOT ACCORD AN EXEMPTION FROM LICENSING TO PRIVATE SCHOOLS WITH SPECIAL FEDERAL TAX STATUS.
IN THE CONTEXT OF YOUR QUESTION, THE 501(C)(3) CORPORATION SEEKING EXEMPTION FROM LICENSURE IS NOT SUPPORTED BY PUBLIC TAXATION. ALTHOUGH IT IS SUPPORTED IN SOME PART BY DONATIONS FROM THE GENERAL PUBLIC, IT IS A PRIVATE INSTITUTION THAT CHARGES TUITION. IN ADDITION, IT IS NOT "REGULATED OR LICENSED PURSUANT TO THE PROVISIONS OF ANY" OKLAHOMA SCHOOL LICENSING LAW, NOR IS IT A "PAROCHIAL, PRIVATE, OR OTHER NON-PUBLIC SCHOOL OFFERING PROGRAMS OF GENERAL EDUCATION, ACCREDITED BY THE STATE BOARD OF EDUCATION OF THE STATE BOARD OF REGENTS FOR HIGHER EDUCATION." 21-101(1). BY READING THE DEFINITIONS TOGETHER AND CONSTRUING OKLAHOMA SCHOOL LAW AS A WHOLE, THE VOCATIONAL SCHOOL IN QUESTION IS NOT A PUBLIC SCHOOL BY DEFINITION, BUT A PRIVATE SCHOOL UNDER 70 O.S. 21-101(1).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A NONPROFIT CORPORATION'S STATUS AS AN ORGANIZATION EXEMPT FROM FEDERAL INCOME TAXATION UNDER INTERNAL REVENUE CODE 501(A), BY VIRTUE OF IT BEING AN ORGANIZATION DESCRIBED IN IRC 501(C)(3), DOES NOT RELIEVE IT OF THE LICENSING REQUIREMENTS IN ARTICLE XXI OF THE OKLAHOMA SCHOOL CODE OF 1971, FOUND AT 70 O.S. 21-101, ET SEQ.
(COOPER BRETT ROBINSON)